```
                                                          FILED
                                                   IN CLERKS OFFICE
           UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS           2004 JUN 14  P 2: 22
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | U.S. DISTRICT COURT |
| v. | ) | DISTRICT OF MASS. |
| | ) | Violations: |
| | ) | 33 U.S.C. §§1319(c)(1)(A), 1311(a) |
| | ) | (Clean Water Act) |
| DUTTON YARN COMPANY, L.P. | ) | 04CR10178 |
| Defendant. | ) | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### General Allegations

From approximately September, 1999 through November, 2002:

1. DUTTON YARN COMPANY, L.P. (hereinafter "DUTTON YARN") was a Delaware Limited Partnership, registered with the Commonwealth of Massachusetts as a foreign limited partnership on July 8, 1994.

2. DUTTON YARN operated a yarn processing facility located at 38 Prince Avenue in Lowell, Massachusetts. This facility commenced operations in 1999 in a former pasta production plant owned by the Borden Foods Corporation, which was renovated by DUTTON YARN.

3. DUTTON YARN's Prince Street facility generated process wastewater that was discharged directly from the yarn processing facility via a subterranean pipe leading into Meadowbrook River, which ran adjacent to the Dutton Yarn facility. The Meadowbrook River is a waterway of the United States, and a tributary of the Concord River.

4. The industrial wastewater that DUTTON YARN discharged into the

Meadowbrook River came from two sources -- (a) water that was processed as part of the operation of one of two Taslan machines at the facility (hereinafter, the "Discharging Taslan Machine"); and (b) water that was used to cool a back-up compressor that produced pressurized air for the facility's Taslan machines. Taslan machines texturize yarn during the finishing process through the introduction of water and air. The wastewater discharge from other operations within the facility, including DUTTON YARN's other Taslan machine, were connected to the city sewer system, resulting in a permitted discharge of industrial waste.

5. The discharge from the DUTTON YARN plant contained pollutants in the form of elevated levels of Bio-chemical Oxygen Demand and Chemical Oxygen Demand. The introduction of these pollutants into a waterway saps oxygen from the water, thereby depleting the oxygen levels, which can have a detrimental effect on marine species and plant life.

6. The discharge from the Dutton Yarn facility flowed at a rate of approximately 20 gallons per minute while the Discharging Taslan Machine and the back-up compressor were in operation. On a day of continual operations of the Discharging Taslan Machine and the back-up compressor, the resulting discharge of wastewater from the DUTTON YARN facility into the Meadowbrook River exceeded 10,000 gallons.

7. Dutton Yarn was negligent in allowing this direct discharge to occur over a period of nearly three years because: (a) the company had access to architectural drawings depicting this subterranean pipe at the DUTTON YARN facility; (b) there were multiple manhole covers in plain sight on the floor of the facility which led to this subterranean pipe; (c) questions were raised by the city of Lowell concerning discrepancies between the volume of water used by the plant and the amount that was being discharged into the sewer system; (d) and

a steady discharge of wastewater into the Meadowbrook River was discovered in 2002 by DUTTON YARN employees who were walking the perimeter of the facility, but the discharge was not investigated.

8.      DUTTON YARN was subject to the provisions of the federal Clean Water Act, 33 U.S.C. § 1251 et seq., which required it to possess a permit for any discharges of pollutants into waters of the United States, such as the Meadowbrook River.

## COUNT ONE -- 33 U.S.C. §§1319(c)(1)(A), 1311(a)
### (Clean Water Act -- Negligent Discharge of Pollutant)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

9.  Paragraphs 1-8 are realleged and incorporated by reference as though fully set forth herein.

10. On or about September 18, 2002 in Lowell, Massachusetts, in the District of Massachusetts and elsewhere,

DUTTON YARN COMPANY, L.P.

the defendant herein, negligently caused the discharge of a pollutant into and upon the waters of the United States without possessing a permit issued pursuant to the federal Clean Water Act.

All in violation of Title 33 U.S.C. §§1319(c)(1)(A) and 1311(a).

## COUNT TWO – 33 U.S.C. §§1319(c)(1)(A), 1311(a)
### (Clean Water Act -- Negligent Discharge of Pollutant)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

11.  Paragraphs 1-8 are realleged and incorporated by reference as though fully set forth herein.

12.  On or about October 30, 2002 in Lowell, Massachusetts, in the District of Massachusetts and elsewhere,

DUTTON YARN COMPANY, L.P.

the defendant herein, negligently caused the discharge of a pollutant into and upon the waters of the United States without possessing a permit issued pursuant to the federal Clean Water Act.

All in violation of Title 33 U.S.C. §§1319(c)(1)(A) and 1311(a).

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Jonathan L. Kotlier
Assistant U.S. Attorney

Andrew Lauterback
Senior Criminal Enforcement Counsel
Environmental Protection Agency

Dated: June 14, 2004

5