

U.S. Department of Justice

FILED
IN CLERK'S OFFICE

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

2004 JUN 14  P 2: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

June 1, 2004

Denis M. King, Esq.
Goulston & Storrs
400 Atlantic Avenue
Boston, MA  02110-3333

**04 CR 10178**

Re:  United States v. Dutton Yarn Company, L.P.

Dear Counsel:

This letter sets forth the agreement entered into between the United States Attorney for the District of Massachusetts (the "United States Attorney") and your client, Dutton Yarn Company, L.P. ("Dutton Yarn" or the "Defendant"), in the above-captioned matter. The agreement is as follows:

1.  Change of Plea

On or before June 25, 2004 or at such date as the Court may determine, Defendant shall waive Indictment and plead guilty to an Information to be filed in the District of Massachusetts in substantially the form attached, charging it with two counts of illegally discharging a pollutant into the navigable waters of the United States in violation of the Clean Water Act, Title 33 U.S.C. §§ 1319(c)(1)(A), 1311(a).

2.  Penalties

Defendant understands and agrees that the statutory maximum penalties for each count to which it is pleading guilty is as follows:

A.  Clean Water Act
    -  a fine of $200,000 for each day of discharge pursuant to 18 U.S.C. § 3571(c)(5);
    -  five years probation;

- restitution; and
- $125 special assessment pursuant to 18 U.S.C. §3013(a)(1)(B)(iii).

3. Sentencing Guidelines

The United States Attorney and Defendant agree that the version of United States Sentencing Guidelines ("U.S.S.G.") incorporating guideline amendments through November 1, 2002 shall cover these offenses to the limited extent that the guidelines apply in this context. The Government and the Defendant further agree that pursuant to §8C2.1, comment. (backg'd), and § 8C2.10 of the United States Sentencing Guidelines, which pertain to the sentencing of organizations, the Sentencing Guidelines do not determine the fine range in environmental cases, but rather leave such determination to the sound discretion of the Court in accordance with 18 U.S.C. §§3553, 3571 and 3572.

4. Partnership Authorization

Within two weeks of the execution of this plea agreement, Dutton Yarn will provide to the United States Attorney and to the Court written evidence, in the form of a notarized resolution of its General Partner, certifying that Defendant is authorized to waive its right to indictment, to plead guilty to the Information in this case, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that an identified individual is authorized to take these actions and that all partnership formalities required for such authorization have been observed.

Defendant agrees that Denis King, as attorney for Dutton Yarn, and pursuant to a duly authorized power of attorney for the Defendant, will be authorized to appear on its behalf, to enter its guilty plea and to represent it for imposition of its sentence.

5. Agreed Disposition

A. **Agreed upon Sentence**

The United States Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this matter:

- A) $300,000 fine to be paid as specified below in paragraph 5.B;
- B) a three year term of probation, during which the Defendant must comply with the special conditions of probation set forth in paragraph 8 below; and
- C) a $250 special assessment.

B. **Method of Payment**

Upon imposition of the sentence, the Defendant will pay $100,000 of the fine. The remaining $200,000 will be paid in three equal installments ($66,666.67) to be paid on the first three anniversaries of the sentencing date. No amount of the fine shall reduce the Defendant's civil liability to any person or entity, including any federal, state or local government agency. The Defendant further agrees that in the event it can not pay this fine for any reason, its General Partner, Tyng Textiles, LLC, will be liable to pay any outstanding balance on this fine.

6. Conditions Precedent

The participation of the United States Attorney in the joint agreement set forth in paragraph 5 of this agreement is conditional upon Defendant's performance of the following obligations:

A. No later than two business days prior to sentencing, as scheduled by the Court, Defendant shall notify the United States Attorney that Defendant's counsel is in possession of $100,250 in its client funds account with which to pay the first installment of the Defendant's fine and mandatory special assessments as provided in paragraph 5; and

B. Dutton Yarn shall comply with the compliance program set forth in paragraph 8 of this agreement.

If Defendant fails to comply with these conditions prior to sentencing, the United States Attorney shall be free to recommend any sentence, including fine, it deems appropriate.

7. Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessments, totaling $250, to the Clerk of the Court of the United States District Court for the District of Massachusetts within two business days after the date of sentencing.

8. Special Conditions of Probation – Operations and Compliance Program

a. The Defendant agrees that as a condition of probation it will continue to operate Dutton Yarn's production facility at 38 Prince Avenue in Lowell, Massachusetts for a period of at least fourteen (14) months;

b. *Compliance Program*

Dutton Yarn agrees to establish and maintain an environmental regulatory compliance program which will address environmental matters. This program will

be developed and implemented by the Defendant in sufficient detail to satisfy the requirements of U.S.S.G. Chapter 8 concerning effective programs to prevent and detect violations of law. See U.S.S.G. §§ 8A1.2, Application Note 3(k), and 8C2.5(f).

As part of its compliance program, the Defendant will develop an environmental compliance manual within 60 days of the guilty plea hearing. Copies will be kept at the facility and will be made available to all employees. The manual will cover general areas of environmental regulations, including spills, releases of pollutants into the environment, discharges into the sewer system, dealings with regulatory inspectors and personnel, and the importance of accuracy, timeliness, and honesty in reporting to regulatory agencies all information required to determine compliance with applicable environmental statutes and regulations. The Defendant will provide the United States with a draft copy of the manual for its review and comments, as well as a final copy.

c.  Environmental Compliance Audit

The Defendant will hire an independent outside consultant to perform an environmental audit of its Lowell facility. The Defendant shall be in full compliance with the recommendations of the audit no later than six months from the date of sentencing. The Defendant will comply with the following requirements concerning the audit:

i.  It will retain the consultant within 15 days from the date of the guilty plea and will ensure that the consultant is acceptable to the United States. It shall submit to the United States within 15 days of the date of the guilty plea, documentation identifying the consultant, a copy of the contract between the consultant and the Defendant which details the scope of the audit to be performed, and a schedule of interim and final deadlines.

ii. The consultant will follow generally accepted environmental auditing techniques, procedures and policies in designing, implementing and executing the audit, including the reporting of deficiencies and corrective measures. The audit will cover all regulated environmental matters regardless of whether the regulation occurs at the federal, state, or local level.

iii. The Defendant will have the consultant prepare a draft report of its findings and recommendations which will be furnished to the Probation Department and the United States Attorney's Office at the same time it is given to the Defendant.

iv. The Defendant will have the consultant prepare a final report of its findings

        and recommendations which the Defendant will furnish to the Probation Department and the United States Attorney's Office within 10 days of its receipt of the final report.

v.     The Defendant will submit a written report to the Probation Office and the United States Attorney's Office no later than 30 days after receiving the consultant's final written report, detailing the consultant's major findings and recommendations and specifying what action the Defendant will take to correct any noted deficiencies and regulatory violations. Any identified deficiencies and regulatory violations shall be corrected by the Defendant within a reasonable period of time as directed by the Probation Office.

vi.     The independent consultant will submit annual reports to the Probation Department, the United States Attorney's Office and the United States Environmental Protection Agency detailing the implementation of the compliance program. The responsibilities of the independent consultant shall terminate when the period of probation is completed or at an earlier time if the Court, upon motion of either party, determines that the independent consultant's services are no longer needed.

vii.     The Defendant will identify a specific environmental liaison for its facility and will ensure that he/she has sufficient training, background and experience for the job. The job responsibilities for the environmental liaison must include environmental compliance. The Defendant's environmental liaison must have authority to report noncompliance directly to the Defendant's General Partner.

9.     <u>Probation Office Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties is not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw its plea of guilty unless the sentencing judge rejects the plea agreement. If the sentencing judge rejects the plea agreement, this agreement shall be null and void at the option of either the United States Attorney or the Defendant. In this regard the Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

10.     <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the United States Probation Office concerning its assets, income and financial condition.

11. <u>Civil Liability</u>

By entering into this agreement, the United States Attorney does not compromise any civil liability.

12. <u>Restitution</u>

The parties agree that restitution is not warranted in this case, because there is no victim of these offenses as that term is defined in 18 U.S.C. § 3663(a)(2).

13. <u>Collateral Consequences</u>

The parties further understand that the Defendant will be adjudicated guilty of each offense to which it has pleaded guilty and may possibly thereby be suspended or barred from entering into certain government contracts, including pursuant to 33 U.S.C. § 1368. The Defendant understands that the Government reserves the right to notify any state or federal agency of the fact of this conviction, and this plea agreement provides no protection from collateral consequences to any party resulting from the fact of this guilty plea.

14. <u>Withdrawal of Plea Agreement</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this agreement shall be null and void at the option of the United States Attorney.

15. <u>Breach of Agreement</u>

If the United States Attorney determines that Defendant has failed materially to comply with any provision of this agreement, or has committed any crime during the pendency of this agreement, the United States Attorney may, at his sole option, be released from his commitments under this agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The United States Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this agreement. Defendant recognizes that no such breach by it of any obligation under this agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the United States Attorney will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the United States Attorney pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which they might otherwise have under any statute of limitations or the Speedy Trial Act.

16.  Who Is Bound By Agreement

This agreement is limited to the United States Attorney for the District of Massachusetts and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

17.  Complete Agreement

This agreement is the complete and only agreement between the parties. No promises, agreements or conditions have been entered into other than those set forth in this letter. This agreement supersedes prior understandings, if any, of the parties, whether written or oral. This agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement entered into between the United States Attorney and Defendant, please sign the Acknowledgment of Plea Agreement below, and affix Defendant's corporate seal. Please also have the signatures of the corporate signatories notarized. In addition, please provide a copy of requisite authorization to enter into this agreement, by Defendant's partners (the original to be provided to the Court). Return the original of this letter to Assistant United States Attorney Jonathan L. Kotlier.

Sincerely,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

JONATHAN L. KOTLIER
Assistant U.S. Attorney

ANDREW LAUTERBACK
Senior Criminal Enforcement Counsel
Environmental Protection Agency

## ACKNOWLEDGMENT OF PLEA AGREEMENT

<u>Dutton Yarn Company, L.P.</u>

    I have read this letter of agreement in its entirety, and have discussed it with the partners of Dutton Yarn Company, L.P. and with its attorneys. I hereby represent that I am the Chief Executive Officer of the General Partner of Dutton Yarn Company, L.P. and that I am duly authorized to enter into this agreement. I hereby acknowledge that this letter of agreement fully sets forth the agreement of Dutton Yarn Company, L.P. with the United States Attorney for the District of Massachusetts. I further state that there have been no additional promises or representations made to or for the benefit of Dutton Yarn Company, L.P. by any officials of the United States Attorney in connection with this matter.

        DEFENDANT DUTTON YARN COMPANY, L.P.

        BY TYNG TEXTILES, LLC, ITS SOLE GENERAL PARTNER

    By: _____
           Elkin McCallum
           Chief Executive Officer of Tyng Textiles, the General Partner
           For Dutton Yarn Company, L.P.

    Date: 6-8-04

Notary Acknowledgment:  (See Next Page)

    I certify that this plea agreement letter has been reviewed by the Chief Executive Officer of the General Partner of Dutton Yarn Company, L.P. and that he understands its terms.

_____
Denis King, Esq.
Attorney for Dutton Yarn Company, L.P.

Date: June 9, 2004

Tyngsboro, Massachusetts, ss.

In the Town of Tyngsboro, Commonwealth of Massachusetts, on this 8th day of June, 2004, before me, Notary Public in the Commonwealth of Massachusetts, appeared Elkin McCallum in his capacity as Chief Executive Office of Tyng Textiles LLC, acting as the General Partner of Dutton Yarn Company, L.P., and acknowledged the execution of the foregoing Acknowledgment of Plea Agreement as his free act and deed on behalf of Tyng Textiles LLC and Dutton Yarn Company, L.P.

Deborah Blake Marsilio
Notary Public
My Commission Expires: 4.7.06

DEBORAH BLAKE MARSILIO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Apr 7, 2006