AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.
**DUTTON YARN COMPANY**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1: 04 CR 10178 - 001 - JLA**

Denis King
Defendant's Attorney

☐

**THE DEFENDANT:**

☒ pleaded guilty to count(s): 1 and 2 of the Information on 10/6/04
☐ pleaded nolo contendere to counts(s) ______ which was accepted by the court.
☐ was found guilty on count(s) ______ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 33 USC § 1319 (c)(1)(A) and 1311 (a) | Clean water Act--Negligent Discharge of Pollutant | 09/18/02 | 1 |
| 33 USC § 1319 (c)(1)(A) and 1311 (a) | Clean water Act--Negligent Discharge of Pollutant | 10/30/02 | 2 |

☐ See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s) ______ and is discharged as to such count(s).

☐ Count(s) ______ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: N/A

Defendant's Date of Birth: N/A

Defendant's USM No.: N/A

Defendant's Residence Address:
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110

Defendant's Mailing Address:
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110

10/06/04
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

The Honorable Joyce London Alexander
Name and Title of Judicial Officer

Magistrate Judge, U.S. District Court

Date 11/1/04

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 0 month(s)

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ________ on ________
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before ________ on ________
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ______________________________

at ________________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

## PROBATION

The defendant is hereby sentenced to probation for a term of 36 month(s)

1. The defendant shall continue to operate Dutton Yarn's production facility at 38 Prince Avenue, Lowell, MA for at least fourteen (14) months;
2. Dutton Yarn shall establish and maintain an environmental regulatory compliance program which will address environmental matters, including prevention and detection of violations of law, pursuant to the requirements of U.S.S.G. Chapter 8

[x] See continuation page

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

[x] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Continuation of Conditions of ☐ Supervised Release ☒ Probation**

3. The defendant shall include in the compliance program, an environmental manual within sixty(60) days of guilty plea hearing. Copies of the manual will be kept in the facility and will be made available to all employees. The copies will cover general areas of environmental regulations, including spills, releases of pollutants into the environment, discharges into the sewer system, dealings with regulatory inspectors and personnel, and the importance of accuracy, timeliness, and honesty in reporting to regulatory agencies all information required to determine compliance with applicable environmental statutes and regulations. The defendant will provide the United States with a draft copy of the manual for its review and comments, as well as a final copy.

4. The defendant shall hire an independent outside consultant to perform an environmental audit of its Lowell facility. The defendant shall be in full compliance with the recommendations of the audit no later than six months from the date of sentencing. the defendant will comply wit the following requirements of the audit:

a. It shall retain the consultant within fifteen (15) days from the date of the guilty plea and will ensure that the consultant is acceptable to the United States. It shall submit to the United States within fifteen (15) days from the date of the guilty plea , documentation identifying the consultant, a copy of the contract between the consultant and the defendant which details the scope of the audit to be performed, and a schedule of interim and final deadlines.

b. The consultant shall follow generally accepted environmental auditing techniques, procedures and policies in designing, implementing and executing the audit, including the reporting of deficiencies and corrective measures. The audit shall cover all regulated environmental matters regardless of whether the regulation occurs at the federal, state, or local level.

c. The defendant shall have the consultant prepare a draft report of its findings and recommendations which shall be furnished to the Probation Department and the United States Attorney's Office at the same time it is given to the defendant.

d. The defendant shall have the consultant prepare a final report of its findings and recommendations which the defendant will furnish to the Probation Department and the United States Attorney's Office within ten (10) days of its receipt of the final report.

e. The defendant shall submit a written report to the Probation Office and the united states Attorney's Office no later than thirty (30) days after receiving the consultant's final report, detailing the consultant's major findings and recommendations and specifying what action the defendant will take to correct any noted deficiencies and regulatory violations. Any identified deficiencies and regulatory violations shall be corrected by the defendant within a reasonable period of time as directed by the Probation Office.

f. The independent consultant shall submit annual reports to the Probation Department, The United States Attorney's Office and the United States Environmental Protection Agency detailing the implementation of the compliance program. The responsibilities of the independent consultant shall terminate when the period of probation is completed or at an earlier time if the Court, upon motion of either party, determines that the independent consultant's services are no longer needed.

g. The Defendant shall identify a specific environmental liaison for its facility and will ensure that he/she has sufficient training, background and experience for the job. The job responsibilities for the environmental liaison must include environmental compliance. The defendant's environmental liaison must have authority to report non-compliance directly to the defendant's General Partner.

CASE NUMBER: **1: 04 CR 10178 - 001 - JLA**
DEFENDANT: **DUTTON YARN COMPANY**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | | Restitution |
|---|---|---|---|---|
| **TOTALS** | $250.00 | $300,000.00 | * | |

☐ The determination of restitution is deferred until ______ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **TOTALS** | $0.00 | $0.00 | ☐ See Continuation Page |

☐ If applicable, restitution amount ordered pursuant to plea agreement ______________

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 1: CR - - DPW
DEFENDANT:

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of ________ due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

**B** ☐ Payment to begin immediately (may be combined with C, D, or E below); or

**C** ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☒ Special instructions regarding the payment of criminal monetary penalties:

Upon Imposition of Sentence the Defendant shall pay $100,000.00 of the fine. The remaining $200,000.00 shall be paid in three equal installments of $66,666.67, to be paid on the first three anniversaries of the sentencing date. The defendant shall pay the mandatory special assessment in the amount of $250.00 to the Clerk of Court for the U.S.D.C. of Massachusetts within two (2) business days of the sentencing.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number, Defendant Name, and Joint and Several Amount:

☐ See Continuation Page

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.